UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER MARIE KOTIS
RACHEL CHRISTINE MILL

CASE NO.: 8 07 CV 447 -T30
EAJ

Plaintiffs,

v.

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

DESLIN HOTELS, INC.;
IRENE L. DEVLIN;
DENNIS B. DEVLIN;
GOLDRUSH DISC JOCKEYS, INC.;
DAVID L. BARTON;
BV & BK PRODUCTIONS, LLLP;
CHAD W. CIANI;
MRA HOLDINGS, LLC;
AMX PRODUCTIONS, LLC, d/b/a AMX Video, a/k/a GM Video, a/k/a George Martin
Video a/k/a Action Matrix, a/k/a Aztec Media Co.;
MANTRA FILMS, INC., d/b/a Girls Gone Wild;
JOSEPH R. FRANCIS;
SVOTHI, INC., d/b/a PPVNetworks and nakedontv.com; and
JUCCO HOLDINGS, INC., d/b/a drunkspringbreak.com;

Defendants.

_____/

Kotis et al v. Deslin Hotels, Inc. et al                                    Doc. 1

**COMPLAINT**

The Plaintiffs, Heather Marie Kotis and Rachel Christine Mill, (the "**Plaintiffs**"),

hereby sue the Defendants identified herein and allege as follows:

**The Parities**

1.      Plaintiffs are citizens of Florida.

2.      Defendant Deslin Hotels, Inc. ("**Deslin**") is a Florida corporation and

owns and operates a 250-room motel and conference center known as the Desert Inn

#268453

Resort Motel a/k/a the Desert Inn Resort & Suites Convention Complex (the "**Desert Inn**") in Daytona Beach, Florida.

3.    Defendants Irene L. Devlin and Dennis B. Devlin (the "**Devlins**") are citizens of Florida. The Devlins own Deslin and manage the day-to-day operations of the Desert Inn.

4.    Defendant GoldRush Disc Jockeys, Inc. ("**GoldRush**") is a Florida corporation and operates as an entertainment company and provides various entertainment-related services, such as deejays, photography, videography, and limousine services.

5.    Defendant David L. Barton, a/k/a DJ Dave ("**Barton**"), is a citizen of Florida. At all material times, Barton was an employee, officer and authorized agent of GoldRush.

6.    Defendant BV & BK Productions, L.L.P., f/k/a BV & BK Productions, L.L.C. ("**BV & BK**") is a Florida limited partnership. BV & BK owns and operates several websites, including www.bikinivoyeur.com, www.bv4free.com, www.wett-shirt.tv and www.avsimperium.com, all of which displayed sexually-explicit images and video of the Plaintiff Kotis.

7.    Defendant Chad W. Ciani a/k/a Bikinivoyeurman ("**Ciani**") is a citizen of Florida.

8.    Joseph R. Francis is a resident of Nevada, and is the founder, CEO, and sole shareholder of Mantra Films, Inc. and MRA Holdings, L.L.C., referred to herein as "the companies."

9.     Mantra Films, Inc., d/b/a Girls Gone Wild, an Oklahoma Corporation, has its corporate office in Santa Monica, California.

10.    MRA Holdings, L.L.C is a California limited liability corporation.

11.    AMX Productions, L.L.C. is a Colorado corporation, d/b/a AMX Video, and conducts business in the State of Florida.

12.    Svothi, Inc. is a New York corporation, d/b/a PPVNetworks and nakedontv.com.

13.    Jucco Holdings, Inc, is a California Corporation which has its corporate office in Los Angeles, California.

**Jurisdiction and Venue**

14.    The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 18 U.S.C. §2255(a) and has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367(a).

15.    The Court has personal jurisdiction over each of the Defendants because each Defendant: (a) is a resident or citizen of Florida; or (b) pursuant to Fla. Stat. § 48.193, as each Defendant either: (i) operates, conducts, engages in, or carries on business or a business venture in Florida, or has an office, registered business entity or agent in Florida; (ii) committed a tortuous act within Florida; or (iii) caused injury to the Plaintiff in Florida arising out of an act or omission committed by the Defendant outside Florida while the Defendant was engaged in solicitation or service activities within Florida, or (iii) products, materials, things processed, serviced, produced or manufactured

by the Defendant were used or consumed in Florida in the ordinary course of commerce, trade, or use.

16.     Venue is proper in the Middle District of Florida under Local Rule 1.02(c), because a substantial part of the events giving rise to the claims stated herein occurred in the Middle District of Florida and within the Tampa Division.

17.     Venue would also be proper in the Northern District of Florida, in that Defendants Mantra Films, Inc., MRA Holdings, L.L.C., and Joseph R. Francis were prosecuted criminally in the Northern District of Florida (Case Nos. 5:06-CR-00078-RS and 5:06-CR-00079-RS) for portraying minors in sexually-explicit videos, albeit to the best of the Plaintiffs' knowledge, Plaintiffs' images on any video were not part of the factual basis for the prosecution.

**General Allegations Common to All Counts**

18.     At all relevant times, the Plaintiffs were minors, as they were under the age of 18.

19.     On or after March 13, 2001, Plaintiffs participated in various contests (the "**Contests**") Deslin conducted at the Desert Inn during the Florida high school "Spring Break" vacation season.

20.     The subject Contests included the following:

    (a)   Wet T-shirt Contest;

    (b)   Sexual Positions Contest;

    (c)   Banana Sucking Contest;

    (d)   Muff Eating Contest and

(e)  Screaming Orgasm Contest.

21.    Each of the Contests was designed and intended to include sexually-explicit conduct and to subject participants to demeaning, degrading, inappropriate, exploitive and illegal conduct.

22.    On or after March 13, 2001, various individuals attempted to persuade, to induce and to entice the Plaintiffs to participate in the Contests and to engage in sexually-explicit conduct, or dance provocatively in the presence of others engaging in sexually-explicit conduct. Such acts to persuade, induce, and entice included, but were not limited to, providing the Plaintiffs with alcohol and offering prizes for those who won the Contests.

23.    The Plaintiffs were not required to provide, were not asked to provide, and did not provide proof of age before participating in the Contests.

24.    Plaintiffs participated in the Wet T-shirt Contest on or after March 13, 2001, while they were still minors.

25.    During their participation in the Contests, Plaintiffs were persuaded, induced and enticed to perform, and did perform, various sexually-explicit acts and simulated sexually-explicit acts, including sexual touching, exposing their breasts, pubic areas, and buttocks. The Plaintiffs were also encouraged to engage in various homo-erotic acts with other minors and were groped and rubbed against by other participants on stage.

26.    The sexually-explicit videotaped conduct of the Plaintiffs and other minors during the Contests includes, but is not limited to, conduct included within the scope of the following:

(a)    "Sexually-explicit conduct" as defined by 18 U.S.C. §2256(2)(A)(i);

(b)    "Sexually-explicit    conduct"    as    defined    by    18    U.S.C. §2256(2)(A)(iii);

(c)    "Sexually-explicit conduct" as defined by 18 U.S.C. §2256(2)(A)(v);

(d)    A "sexual performance by a child" as defined by Fla. Stat. §827.071(1)(b);

(e)    "Sexual conduct" as defined by Fla. Stat. §827.071(1)(g);

(f)    A "sexual performance" as defined by Fla. Stat. §827.071(1)(h);

(g)    "Simulated sexual conduct" as defined by Fla. Stat. §827.071(1)(i).

27.    During their participation in the Contests, the Plaintiffs were subjected to demeaning, degrading, inappropriate, exploitive and illegal conduct.

28.    While the Plaintiffs participated in the Contests and engaged in sexually-explicit conduct, the Plaintiffs were videotaped by various entities, including but not limited to GoldRush/Barton (the **"Barton Tapes"**), and Ciani, Weitz and others (collectively the **"Bikinivoyeur Tapes"**).

29.    Subsequent to the Contests, videotapes and other visual depictions of the Plaintiffs engaged in sexually-explicit conduct, and/or in the presence of others engaged in sexually-explicit conduct, were sold, distributed or broadcast for pecuniary gain to

millions of people world-wide via interstate or foreign commerce or by use of the United States mail.

    30.    Videotape, DVD and broadcast visual depictions of the Plaintiffs as minors engaged in sexually-explicit conduct and/or in the presence of others engaged in sexually-explicit conduct, that have been sold and disseminated nationally and internationally, include, but are not limited to, the following:

        (a)   *Girls Gone Wild videos*

        (b)   *AMX videos*

        (c)   Excerpts from videotapes and DVDs in the form of "theatrical trailers" depicting the Plaintiffs engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, have been incorporated into one or more video advertisements or "theatrical trailers" that are child pornography, that have been incorporated into other adult-oriented erotic videotapes and DVDs.

    31.    The Barton Tapes, the Bikinivoyeur Tapes, and all reproductions, modifications, and edited versions thereof referenced in this Complaint, including those set forth in the preceding two paragraphs, depict the Plaintiffs and other minors engaged in, and in the presence of others engaged in, sexually-explicit conduct.

    32.    All videotapes and all other visual depictions of the Plaintiffs engaged in, and in the presence of others engaged in, sexually-explicit conduct constitute "child pornography" as defined by 18 U.S.C. §2256(8)(A) and unlawful visual representations of a minor as defined by Fla. Stat. §827.071(5).

33.    The Plaintiffs have retained the following attorneys to represent them in this matter, and they are obligated to pay those attorneys a reasonable fee for their respective services: Litigation Concepts, L.C. (Richard S. Shankman, Esq.), and The Solomon Tropp Law Group, P.A.

34.    All conditions precedent to the filing of this action have occurred or been waived.

### Count 1:  Violations of 18 U.S.C. §2251(a)
### (Deslin and The Devlins)

35.    Plaintiffs incorporate herein the allegations of ¶1 - ¶40 above.

36.    This a claim brought pursuant to 18 U.S.C. §2255(a) against Deslin and the Devlins for violations of 18 U.S.C. §2251(a).

37.    At all relevant times, the Devlins were the officers, employees, managers and authorized agents of Deslin.

38.    Deslin and the Devlins organized, arranged and conducted the Contests.

39.    In anticipation of the Contests, Deslin and the Devlins knowingly made, printed or published notices or posted Internet advertisements seeking the participation of minors in the Contests with the intention of producing a visual depiction of such Contests.  The notices and advertisements included Internet advertisements soliciting high school-aged children to participate in Deslin's self-described "largest pool deck parties," which were intended and designed to include sexually-explicit conduct and to be videotaped.

40.     Deslin and the Devlins knew or had reason to know that such notices and advertisements would be transported in interstate or foreign commerce. Alternatively, such notices and advertisements were transported in interstate or foreign commerce.

41.     Deslin and the Devlins, through their employees and agents, conducted the Contests in an enclosed pool deck area at the Desert Inn and charged an admission fee for entry to the pool deck area. At all relevant times, Deslin and the Devlins maintained control over entry into the pool deck area and other areas of the Desert Inn premises.

42.     Deslin and the Devlins hired GoldRush to act as Master of Ceremonies and deejay for the Contests and to video the pool deck parties and the Contests.

43.     Deslin and the Devlins, through their employees and agents, persuaded, induced and enticed the Plaintiffs and other minors to participate in the Contests and to engage in sexually-explicit conduct for the purpose of producing visual depictions of such conduct.

44.     GoldRush, acting within the scope of its authority granted by Deslin and the Devlins, persuaded, induced and enticed the Plaintiffs and other minors to participate in the Contests and to engage in sexually-explicit conduct for the purpose of producing visual depictions of such conduct.

45.     GoldRush, acting within the scope of its authority granted by Deslin and the Devlins, created the Barton Tapes by videotaping the Plaintiffs' participation in the Contests, including the sexually-explicit conduct of the Plaintiffs and other minors.

46.    In addition, Deslin and the Devlins knew that many of its customers and guests attending the Contests would create visual depictions of the Contests, and permitted its customers and guests to create visual depictions of the Contests.

47.    Visual depictions created during the Contests with the permission or consent of Deslin and the Devlins include the Prewitt Tapes and the Bikinivoyeur Tapes.

48.    The above-described acts of Deslin and the Devlins were intentional or were committed with reckless disregard for, or conscious indifference to, the applicable law, the consequences of those acts, the exploitive nature of those acts, and the rights and safety of the Plaintiffs.

49.    The above-stated acts constitute violations by Deslin and the Devlins of 18 U.S.C. §2251(a).

50.    At the time the Barton Tapes and other visual depictions of the Contests were created, Deslin and the Devlins knew or had reason to know that such would be transported in interstate or foreign commerce or United States mail.

51.    The Barton Tapes and other visual depictions of the Contests have been transported in interstate or foreign commerce or mailed.

52.    As a result of the violations of 18 U.S.C. §2251(a), the Plaintiffs have suffered personal injury and other damages.

53.    Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of each violation of 18 U.S.C. §2251(a).

WHEREFORE, Plaintiffs demands judgment against the defendants named in this count for damages (including punitive damages) and all remedies available under 18 U.S.C. §2255(a), including prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 2:  Violations of 18 U.S.C. §2251(a)
### (GoldRush and Barton)

54.     Plaintiffs incorporate herein the allegations of ¶1 - ¶40 above.

55.     This a claim brought pursuant to 18 U.S.C. §2255(a) against GoldRush and Barton for violations of 18 U.S.C. §2251(a).

56.     GoldRush was hired to act as Master of Ceremonies and a deejay for the Contests and to videotape the Contests and other pool deck activities of the Plaintiffs and other participants.

57.     Barton and other GoldRush employees and agents persuaded, induced and enticed the Plaintiffs and others to participate in the Contests and to engage in sexually-explicit conduct for the purpose of producing visual depictions of such conduct.

58.     Barton and other GoldRush employees and agents created the Barton Tapes which included the sexually-explicit conduct of the Plaintiffs and other participants in the Contests.

59.     Barton and other GoldRush employees and agents knowingly made, printed or published notices and advertisements offering to distribute or reproduce the GoldRush Videos.

60.    GoldRush and Barton knew or had reason to know that such notices and advertisements would be transported in interstate or foreign commerce. Alternatively, such notices and advertisements were transported in interstate or foreign commerce.

61.    The above-described acts of GoldRush and Barton constitute violations of 18 U.S.C. §2251(a).

62.    The above-described acts of GoldRush and Barton were intentional or were committed with reckless disregard for, or conscious indifference to, applicable law, the consequences of those acts, the exploitive nature of those acts and the rights and safety of the Plaintiffs.

63.    As a result of the violations of 18 U.S.C. §2251(a), the Plaintiffs have suffered personal injury and other damages.

64.    Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of violations of 18 U.S.C. §2251(a).

WHEREFORE, Plaintiffs demand judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 3: Violations of 18 U.S.C. §2252(a)
### (GoldRush and Barton)

65.    Plaintiffs incorporate herein the allegations of ¶1 - ¶40 above.

66.    This a claim brought pursuant to 18 U.S.C. §2255(a) against GoldRush and Barton for violations of 18 U.S.C. §2252(a).

67.    After GoldRush and Barton created the Barton Tapes, GoldRush and Barton knowingly transported or shipped the Barton Tapes, in whole or in part, in interstate or foreign commerce.

68.    At the time GoldRush and Barton mailed, transported, shipped or distributed the Barton Tapes, GoldRush and Barton had positive knowledge or they were consciously and willfully ignorant of the fact that the Barton Tapes depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct.

69.    The above-described acts of GoldRush and Barton constitute violations of 18 U.S.C. §2252(a).

70.    The above-described acts of GoldRush and Barton were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

71.    As a result of the violation of 18 U.S.C. §2252(a), the Plaintiffs have suffered personal injury and other damages.

72.    Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiffs demand judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 4: Violation of 18 U.S.C. §2252A(a)
## (GoldRush and Barton)

73.     Plaintiffs incorporate herein the allegations of ¶1 - ¶40 above.

74.     This a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against GoldRush and Barton for violations of 18 U.S.C. §2252A(a).

75.     After GoldRush and Barton created the Barton Tapes, GoldRush and Barton knowingly mailed, transported, shipped or distributed the Barton Tapes, in whole or in part, in interstate or foreign commerce.

76.     At the time GoldRush and Barton mailed, transported, shipped or distributed the Barton Tapes, GoldRush and Barton had positive knowledge or they were consciously and willfully ignorant of the fact that the Barton Tapes depicted minors, including the Plaintiffs, engaged in sexually-explicit conduct, and constituted child pornography.

77.     The above-described acts of GoldRush and Barton constitute violations of 18 U.S.C. §2252A(a).

78.     The above-described acts of GoldRush and Barton were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts, and the illegal nature of those acts.

79.     As a result of the violations of 18 U.S.C. §2252A(a), the Plaintiffs have suffered personal injury and other damages.

80.     Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of each and every violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiffs demand judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 5:  Violations of 18 U.S.C. §2251(a)
### (Ciani, BV & BK )

81.     Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

82.     This a claim brought pursuant to 18 U.S.C. §2255(a) against Ciani and BV & BK  for violations of 18 U.S.C. §2251(a).

83.     Ciani and his agents persuaded, induced and enticed Plaintiff Kotis and other minors to participate in the Contests and to engage in sexually-explicit conduct for the purposes of producing commercial visual depictions of such conduct for use and sale on subscription pornographic Internet websites.

84.     Ciani and his agents did, among other things, the following:   (1) they orally encouraged Plaintiff Kotis to participate in the Contest; and (2) while videotaping the Contests, they orally encouraged Plaintiff Kotis and other participants in the Contests to engage in sexually-explicit conduct.

85.     Ciani and his agents produced the Bikinivoyeur Tapes and included therein images of  Plaintiff Kotis participating in the Contests, including images of Kotis

in the presence of others engaged in sexually-explicit conduct, and of Plaintiff Kotis engaged in sexually explicit conduct.

86.    Subsequent to the production of the Bikinivoyeur Tapes, Ciani and BV & BK  edited, assembled, produced, modified, transmuted and otherwise manipulated the Bikinivoyeur Tapes, in whole or in part, to create new visual depictions (the **"Bikinivoyeur Content"**) of Plaintiff Kotis engaged in sexually-explicit conduct and/or in the presence of others engaged in sexually-explicit conduct, for use and sale on subscription pornographic websites.

87.    Ciani and BV & BK knowingly made, produced, transmitted, printed or published notices and advertisements offering to distribute, sell, license, or reproduce the Bikinivoyeur Content and related sexually-explicit content in which Plaintiff Kotis appeared, for use on pornographic Internet websites.

88.    Ciani and BV & BK knew or had reason to know that such notices and advertisements would be transported in interstate or foreign commerce.  Alternatively, such notices and advertisements were transported in interstate or foreign commerce.

89.    The above-described acts of Ciani and BV & BK  constitute violations of 18 U.S.C. §2251(a).

90.    The above-described acts of Ciani and BV & BK were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

91.    As a result of the violations of 18 U.S.C. §2251(a), Plaintiff Kotis has suffered personal injury and other damages.

92.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each and every violation of 18 U.S.C. §2251(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 6:  Violations of 18 U.S.C. §2252(a)
### (Ciani and BV & BK)

93.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

94.    This a claim brought pursuant to 18 U.S.C. §2255(a) against Ciani and BV & BK  for violations of 18 U.S.C. §2252(a)

95.    Ciani and his agents produced the Bikinivoyeur Tapes and included therein images of Plaintiff Kotis participating in the Contests, including images of Kotis in the presence of others engaged in sexually-explicit conduct, and of Plaintiff Kotis engaged in sexually-explicit conduct.

96.    Subsequent to the production of the Bikinivoyeur Tapes, Ciani and BV & BK   edited, assembled, produced, modified, transmuted and otherwise manipulated the Bikinivoyeur Tapes, in whole or in part, to create the Bikinivoyeur Content which included Plaintiff Kotis engaged in sexually-explicit conduct, and/or in the presence of

others engaged in sexually-explicit conduct, for use and sale on subscription pornographic websites.

97.     Ciani and BV & BK knowingly mailed, transported, shipped, transmitted or distributed the Bikinivoyeur Tapes and Bikinivoyeur Content, in whole or in part, in interstate or foreign commerce.

98.     At the time Ciani and BV & BK mailed, transported, shipped or distributed the Bikinivoyeur Tapes and Bikinivoyeur Content, they had positive knowledge or were consciously and willfully ignorant of the fact that the Bikinivoyeur Tapes and Bikinivoyeur Content depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct and/or in the presence of others engaged in sexually-explicit conduct, and constituted child pornography.

99.     The above-described acts of Ciani and BV & BK constitute violations of 18 U.S.C. §2252(a).

100.    The above-described acts of Ciani and BV & BK were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

101.    As a result of the violations of 18 U.S.C. §2252(a), Plaintiff Kotis suffered personal injury and other damages.

102.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of each violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 7:  Violations of 18 U.S.C. §2252A(a)
### (Ciani and BV & BK )

103.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

104.    This a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against Ciani and BV & BK for violations of 18 U.S.C. §2252A(a)

105.    Ciani and his agents produced the Bikinivoyeur Tapes by videotaping Plaintiff Kotis' participation in the Contests, including the sexually-explicit conduct of Plaintiff Kotis and others engaged in sexually-explicit conduct.

106.    Subsequent to the production of the Bikinivoyeur Tapes, Ciani and BV & BK   edited, assembled, produced, modified, transmuted and otherwise manipulated the Bikinivoyeur Tapes, in whole or in part, to create the Bikinivoyeur Content which included Plaintiff Kotis engaged in sexually-explicit conduct, and/or in the presence of others engaged in sexually-explicit conduct, for use and sale on subscription pornographic websites.

107.    Ciani and BV & BK knowingly mailed, transported, transmitted, shipped or distributed the Bikinivoyeur Content, in whole or in part, in interstate or foreign commerce.

108.    At the time Ciani and BV & BK mailed, transported, shipped or distributed the Bikinivoyeur Tapes and Bikinivoyeur Content, they had positive

knowledge or were consciously and willfully ignorant of the fact that the Bikinivoyeur Tapes and Bikinivoyeur Content depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, and constituted child pornography.

109.    The above-described acts of Ciani and BV & BK constitute violations of 18 U.S.C. §2252A(a).

110.    The above-described acts of Ciani and BV & BK were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

111.    As a result of the violations of 18 U.S.C. §2252A(a), Plaintiff Kotis has suffered personal injury and other damages.

112.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each and every violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 8: Violations of 18 U.S.C. §1466A(a)(1)
## (Ciani and BV & BK)

113.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

114.    This a claim brought pursuant to 18 U.S.C. § 2252A(f) against Ciani and BV & BK for violations of 18 U.S.C. § 1466A(a)(1).

115.    Ciani and his agents produced the Bikinivoyeur Tapes, and included therein Kotis' participation in the Contests, including sexually-explicit conduct of Plaintiff Kotis while she was still a minor, and/or in the presence of others engaged in sexually-explicit conduct.

116.    Subsequent to the production of the Bikinivoyeur Tapes, Ciani and BV & BK   edited, assembled, produced, modified, transmuted and otherwise manipulated the Bikinivoyeur Tapes, in whole or in part, to create the Bikinivoyeur Content.

117.    Ciani and BV & BK mailed, shipped or transported the Bikinivoyeur Tapes and Bikinivoyeur Content, in whole or in part, in interstate or foreign commerce.

118.    At the time Ciani and BV & BK mailed, shipped or transported the Bikinivoyeur Tapes and Bikinivoyeur Content, they had positive knowledge or were consciously and willfully ignorant of the fact that the Bikinivoyeur Tapes and Bikinivoyeur Content depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct, or in the presence of others engaged in sexually-explicit conduct, and constituted child pornography.

119.    The acts of Ciani and BV & BK constitute the knowing distribution of child pornography and violations of 18 U.S.C. § 1466A(a)(1).

120.    As a result of the violations of 18 U.S.C. § 1466A(a)(1), Plaintiff Kotis has suffered personal injury and other damages.

121.    Pursuant to 18 U.S.C. § 2252A(f), Plaintiff Kotis is an aggrieved party and is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 9:  Common Law Negligence
### (Ciani and BV & BK)

122.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

123.    This is a claim for negligence against Chad Ciani and BV & BK Productions, LLP.

124.    At all relevant times, Chad Ciani and BV & BK Productions, LLP had a duty to ensure that Chad Ciani and BV & BK Productions, LLP did not publish pictures and videos depicting Plaintiff Kotis engaged in sexually explicit conduct.

125.    Chad Ciani and BV & BK Productions, LLP breached its duty of care by, among other things, producing, transporting, and selling video materials and pictures of Plaintiff Kotis engaged in the Contests in sexually explicit conduct.

126.    Chad Ciani and BV & BK Productions, LLP breached its duty of care by, among other things, placing Plaintiff Kotis' images on videos and in pictures containing

the images of others engaged in sexually explicit conduct, and producing, transporting, selling and/or otherwise disseminating those images, including through the internet.

127.    The above-described acts of Chad Ciani and BV & BK Productions, LLP were intentional or were committed with reckless disregard for or indifference to applicable law, to the impact on Plaintiff Kotis of the dissemination of her images engaged in such conduct, and to her rights.

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), prejudgment and post-judgment interest, costs and any other relief deemed appropriate by the Court.

## Count 10: Violation of 18 U.S.C. § 2252(a)
## (Mantra Films/Joe Francis/MRA Holdings, LLC)

128.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

129.    This claim is brought pursuant to 18 U.S.C. §2255(a) against MRA Holdings, L.L.C., Mantra Films, Inc., d/b/a/ Girls Gone Wild, and Joseph R. Francis (collectively "the companies") for violations of 18 U.S.C. §2252(a).

130.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), and in the presence of others engaged in sexually-explicit conduct, were mailed, shipped, and/or transported in interstate commerce to AMX Productions L.L.C. ("AMX") and/or other sources, and to the companies, and incorporated by the companies into videos ("the companies videos"), which were then transported or shipped in interstate and/or foreign commerce.

131.    After the companies purchased the videos from AMX Productions, L.L.C., the companies created the companies' videos and incorporated therein the images of Plaintiff Kotis engaged in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2), which were on the AMX tapes, and in the presence of others engaged in sexually-explicit conduct, and knowingly transported or shipped the company videos in whole or in part, in interstate or foreign commerce.

132.    The companies produced the videos containing images of Plaintiff Kotis without determining the age of Kotis at the time her images were video taped while Kotis was engaged in, and in the presence of others who were engaged in, sexually explicit conduct .

133.    The companies produced the videos without determining whether AMX had ensured that none of the persons in the video were under the age of 18.

134.    The companies, aided by others, produced one or more films, videotapes, and other matters (collectively "the companies' videos") which contained one or more visual depictions of actual sexually explicit conduct by Plaintiff Kotis, from materials shipped in Interstate commerce, without maintaining individually identifiable records pertaining to every performer portrayed in such visual depiction, in violation of 18 U.S.C. § 2257(f)(1) and 28 CFR § 75.

135.    The companies created the companies' videos and incorporated therein the images of Plaintiff Kotis engaged in sexually explicit conduct, and placed images of Plaintiff Kotis on the company videos among images of other individuals engaged in sexually explicit conduct.

136.    At the time the companies mailed, transported, shipped or distributed the company videos, the company was consciously and willfully ignorant of the fact that the company videos depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct.

137.    The companies knowingly sold or otherwise transferred and offered for sale and transfer, the company videos which contained visual depictions of actual sexually explicit conduct and which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to identify thereon the location of the documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, required by 18 USC § 2257(f)(4).

138.    The above-described acts of the company were committed with reckless disregard for or conscious indifference of the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

139.    The above-described acts of the companies constitute violations of 18 U.S.C. §2252(a).

140.    As a proximate cause of the violation of 18 U.S.C. §2252(a), Plaintiff Kotis has suffered personal injury and other damages.

141.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Kotis is entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant companies for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 11:  Violation of 18 U.S.C. §2252A(a)
### (MRA Holdings, LLC; Mantra Films, Inc.; Joseph R. Francis)

142.    Plaintiff Kotis incorporate herein the allegations of ¶1 – 40 and 129 – 138 above.

143.    This a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against the companies for violations of 18 U.S.C. §2252A(a).

144.    After the companies created the companies videos, the companies knowingly mailed, transported, shipped or distributed the companies' videos, in whole or in part, in interstate or foreign commerce.

145.    At the time the companies mailed, transported, shipped or distributed the companies' videos, they had knowledge or were consciously and willfully ignorant of the fact that the companies' videos depicted Kotis and other minors engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, and constituted child pornography.

146.    The above-described acts of the companies constituted violations of 18 U.S.C. §2252A(a).

147.    As a result of the violations of 18 U.S.C. §2252A(a), Plaintiff Kotis has suffered personal injury and other damages.

148.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred for each violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

**Count 12:  Violation of 18 U.S.C. §1466A(a)(1)**
**(MRA Holdings, LLC; Mantra Films, Inc.; Joseph R. Francis)**

149.    Plaintiff Kotis incorporates herein the allegations of ¶1 - 40 and 129 – 138 above.

150.    This claim is brought pursuant to 18 U.S.C. § 1466A(a)(1) against the companies.

151.    Video materials of the Contests, showing Plaintiff Kotis while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), and in the presence of others engaged in sexually-explicit conduct, were mailed, shipped, and/or transported in interstate commerce from AMX Productions L.L.C. ("AMX") and or other sources, to the companies, and incorporated by the companies into videos ("the companies' videos"), which were then transported or shipped in interstate and/or foreign commerce.

152.    The companies knowingly produced, distributed, received or possessed with the intent to distribute, the companies' videos depicting Plaintiff Kotis in sexually

explicit conduct, and in the presence of others engaged in sexually-explicit conduct, which occurred while Plaintiff Kotis was still a minor, in violation of 18 U.S.C. § 1466A(a)(1).

153.   The companies' videos depict Plaintiff Kotis engaged in sexually-explicit conduct , as defined in 18 U.S.C. § 2256(2)(B), and in the presence of others engaged in sexually-explicit conduct, and are obscene.

154.   The companies' videos depict Plaintiff Kotis engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and in the presence of others engaged in sexually-explicit conduct.

155.   The companies mailed, shipped or transported the companies' videos, in whole or in part, in interstate or foreign commerce.

156.   The companies engaged in communications or transportation by mail in furtherance of the receipt, possession, distribution, and/or production of the companies' videos.

157.   Due to the violations of 18 U.S.C. § 1466A(a)(1) , Plaintiff Kotis has suffered personal injury and other damages.

158.   Pursuant to 18 U.S.C. § 2252A(f), Plaintiff Kotis is an aggrieved party and is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each and every violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18

U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

<b>Count 13: Violations of 18 U.S.C. §2252(a)</b><br><b>(AMX Productions, LLC)</b>

159.     Plaintiffs incorporate herein the allegations of ¶1 - ¶40 and 130 – 138 above.

160.     This claim is brought pursuant to 18 U.S.C. §2255(a) against AMX Productions, LLC ("AMX")  for violations of 18 U.S.C. §2252(a).

161.     AMX, aided by others, produced one or more films, videotapes, and other matters (collectively "AMX videos") which contained one or more visual depictions of actual sexually explicit conduct by Plaintiff Kotis, and/or in the presence of others engaged in sexually-explicit conduct, produced in whole or in part with materials shipped in Interstate commerce, without maintaining individually identifiable records pertaining to every performer portrayed in such visual depiction, in violation of 18 U.S.C. § 2257(f)(1) and  28 CFR § 75.

162.     AMX knowingly sold or otherwise transferred and offered for sale and transfer, the AMX videos which contained visual depictions of actual sexually explicit conduct and which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to identify thereon the location of the documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, required by 18 USC § 2257(f)(4)  and did not meet the record keeping requirements of 28 C.F.R. § 75 with respect to materials produced and or distributed.

163.    AMX obtained materials from other sources which depicted the images of Plaintiff Kotis engaged in sexually-explicit conduct as defined by 18 U.S.C. §2256(2), and incorporated that material into the AMX videos without determining the ages of Plaintiff Kotis at the time Kotis' images were video taped while Kotis was engaged in, and in the presence of others who were engaged in, sexually-explicit conduct.

164.    After AMX purchased the videos from other companies, AMX created the AMX videos, incorporating therein images of Plaintiff Kotis engaged in sexually explicit conduct, and knowingly transported or shipped the company videos, in whole or in part, in interstate or foreign commerce.

165.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), and in the presence of others engaged in sexually-explicit conduct, were mailed, shipped, and/or transported in interstate commerce from AMX to MRA Holdings, LLC, Mantra Films, Inc., and Joe Francis (collectively, "the companies"), and incorporated by the companies into videos ("the companies' videos"), which were then transported or shipped in interstate and/or foreign commerce.

166.    After the companies purchased the videos from AMX Productions, L.L.C., the companies created the companies' videos and knowingly transported or shipped the companies' videos, in whole or in part, in interstate or foreign commerce.

167.    The AMX videos, containing images of Plaintiff Kotis among images of other individuals engaged in sexually explicit conduct, were knowingly transported or shipped in interstate or foreign commerce.

168.    At the time AMX mailed, transported, shipped or distributed the AMX videos, AMX was consciously and willfully ignorant of the fact that the AMX videos depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct.

169.    AMX knowingly transmitted, re-transmitted, transmuted, broadcast, re-broadcast, distributed or disseminated in interstate or foreign commerce some or all of the AMX videos.    Alternatively, AMX knowingly received, down-linked, up-linked, encrypted, enhanced, transmitted, re-transmitted, transmuted, distributed or disseminated the AMX videos which had been previously been transported, shipped, mailed, transmitted, re-transmitted, or distributed in interstate or foreign commerce.

170.    The    aforementioned    transmission,    re-transmission,    transmutation, broadcast, re-broadcast, distribution or dissemination of the AMX videos in interstate or foreign commerce involved use of the wire and cable systems of the United States, the United States mail and equipment owned or leased by AMX Video that is subject to the laws of the United States.

171.    At    the    time    AMX    Video    transmitted,    re-transmitted,    transmuted, broadcast, re-broadcast, distributed or disseminated the AMX Videos, it had positive knowledge or were consciously and willfully ignorant of the fact that the Plaintiff Kotis was a minor and reasonably appeared to be a minor and recklessly disregarded the fact that the AMX Videos depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct and constituted child pornography.

172.    The above-described acts of AMX were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the

consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

173.    The above-described acts of AMX constituted violations of 18 U.S.C. §2252(a).

174.    As a result of the violation of 18 U.S.C. §2252(a), Plaintiff Kotis has suffered personal injury and other damages.

175.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant companies for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 14:  Violations of 18 U.S.C. §2252A(a)
### (AMX Productions, LLC)

176.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 and 130 – 138 above.

177.    This a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against AMX Productions, L.L.C. ("AMX") for violations of 18 U.S.C. §2252A(a)

178.    AMX and its agents produced the AMX videos from materials received, shipped or transported in interstate commerce to AMX.

179.    In the production of the AMX videos, AMX and/or its agents reproduced, edited, assembled, modified, transmuted and otherwise manipulated video materials obtained from other sources, in whole or in part, to create the AMX videos.

180.    The AMX videos containing images of Plaintiff Kotis engaged in sexually-explicit conduct, were created in whole or in part for use and sale on subscription pornographic websites.

181.    AMX and/or its agents knowingly advertised, promoted, presented, and distributed through the mails, in interstate and/or foreign commerce the AMX videos, including presenting them for viewing and sale on subscription pornographic websites.

182.    AMX and/or its agents mailed, transported, shipped or distributed the AMX videos and portions thereof, in interstate or foreign commerce.

183.    At the time AMX and/or its agents mailed, transported, shipped or distributed the AMX videos and portions thereof, they knew or were willfully ignorant of the fact that the AMX videos and their content broadcast and disseminated contained images of Plaintiff Kotis engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, and constituted child pornography.

184.    The above-described acts of AMX Video and/or its agents constitute violations of 18 U.S.C. §2252A(a).

185.    The above-described acts of AMX and/or its agents were intentional or were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

186.    As a result of the violations of 18 U.S.C. §2252A(a), Plaintiff Kotis has suffered personal injury and other damages.

187.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of each and every violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 15: Violations of 18 U.S.C. §1466A(a)(1)
### (AMX Video Productions)

188.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 and 130 – 138 above.

189.    This a claim brought pursuant to 18 U.S.C. § 1466A(a)(1) against AMX Video Productions ("AMX").

190.    AMX knowingly produced, distributed, received or possessed with the intent to distribute videos ("AMX videos") depicting Plaintiff Kotis in sexually explicit conduct which occurred while Plaintiff Kotis was still a minor, and in the presence of others engaged in sexually-explicit conduct, in violation of 18 U.S.C. § 1466A(a)(1).

191.    AMX videos depict Plaintiff Kotis engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(B), and are obscene.

192.    The AMX videos depict Plaintiff Kotis engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(A).

193.    AMX mailed, shipped or transported the AMX Videos, in whole or in part, in interstate or foreign commerce.

194.    AMX engaged in communications or transportation by mail in furtherance of the receipt, possession, distribution, and/or production of the AMX videos.

195.    As a result of the violations of 18 U.S.C. § 1466A(a)(1), Plaintiff Kotis has suffered personal injury and other damages.

196.    Pursuant to 18 U.S.C. § 2252A(f), Plaintiff Kotis is an aggrieved party and is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each and every violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 16:  Common Law Negligence
### (AMX Productions, L.L.C.)

197.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

198.    This is a claim for negligence against AMX Productions, L.L.C. ("AMX").

199.    At all relevant times, AMX had a duty to ensure that AMX did not publish pictures and videos depicting Plaintiff Kotis engaged in sexually explicit conduct.

200.    AMX breached its duty of care by, among other things, producing, transporting, and selling video materials and pictures of Plaintiff Kotis engaged in the Contests in sexually explicit conduct.

201.    AMX breached its duty of care by, among other things, placing Plaintiff Kotis' images on videos and in pictures containing the images of others engaged in sexually explicit conduct, and producing, transporting, selling and/or otherwise disseminating those images, including through the internet.

202.    The above-described acts of AMX were intentional or were committed with reckless disregard for or indifference to applicable law, to the impact on Plaintiff Kotis of the dissemination of her images engaged in such conduct, and to her rights.

WHEREFORE, Plaintiff Kotis demands judgment against the defendants named in this count for damages (including punitive damages), prejudgment and post-judgment interest, costs and any other relief deemed appropriate by the Court.

### Count 17:  Violations of 18 U.S.C. § 2252A(a)
### (SVOTHI, INC.)

203.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 and 130 – 138 above.

204.    This is a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against SVOTHI, Inc. ("SVOTHI") for violation of 18 U.S.C. §2252A(a).

205.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a) (the "AMX videos"), were

mailed, shipped, and/or transported in interstate commerce from AMX Productions L.L.C. ("AMX") and/or other sources, to SVOTHI.

206.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), mailed, shipped, and/or transported in interstate commerce from AMX Productions L.L.C. ("AMX") and/or other sources, to SVOTHI, were advertised for sale on one or more web sites, including nakedontv.com.

207.    The AMX videos and/or portions thereof, and pictures of Plaintiff Kotis among pictures of others engaged in pornographic acts, were displayed by SOTHVI, INC or by agents acting on its behalf, on the website nakedontv.com.

208.    SVOTHI knowingly mailed, transported, shipped or distributed the AMX videos, in whole or in part, in interstate or foreign commerce.

209.    At the time SVOTHI mailed, transported, shipped or distributed the AMX videos, it had knowledge or was willfully ignorant of the fact that the AMX videos depicted Plaintiff Kotis engaged in sexually-explicit conduct, contained sexually-explicit conduct by others, and constituted child pornography.

210.    The above-described acts of SVOTHI constituted violations of 18 U.S.C. §2252A(a).

211.    As a result of the violations of 18 U.S.C. §2252A(a), Plaintiff Kotis has suffered personal injury and other damages.

212.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of each violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 17: Violations of 18 U.S.C. §1466A(a)(1)
### (SVOTHI, Inc.)

213.    Plaintiff Kotis incorporates herein the allegations of ¶1 – 40, 130 – 138 above.

214.    This claim is brought pursuant to 18 U.S.C. § 2252A(f) against SVOTHI, Inc.

215.    SVOTHI, Inc. ("SVOTHI") distributed, received or possessed with the intent to distribute the AMX videos depicting Plaintiff Kotis in sexually explicit conduct during the Contests, which conduct occurred while Plaintiff Kotis was still a minor.

216.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX Productions L.L.C. ("AMX") and/or other sources, to SVOTHI, and those materials were advertised for sale on one or more web sites, including nakedontv.com, by SVOTHI.

217.   The AMX videos and/or portions thereof, showing Plaintiff Kotis engaged in sexually explicit conduct, and in the presence of others engaged in sexually explicit conduct, and pictures of Plaintiff Kotis among pictures of others engaged in pornographic acts, were displayed by SOTHVI or by agents acting on its behalf, on the website nakedontv.com.

218.   SVOTHI mailed, shipped or transported the AMX videos, in whole or in part, in interstate or foreign commerce.

219.   At the time SVOTHI mailed, shipped or transported the AMX Videos, it knew or was willfully ignorant of the fact that Plaintiff Kotis was a minor when Plaintiff Kotis engaged in the sexually explicit conduct on the AMX videos, and when otherwise pictured on the AMX videos.

220.   The acts of SVOTHI constituted the knowing distribution of child pornography and violations of 18 U.S.C. § 1466A(a)(1).

221.   As a result of the violations of 18 U.S.C. § 1466A(a)(1), the Plaintiff Kotis has suffered personal injury and other damages.

222.   Pursuant to 18 U.S.C. § 2252A(f), Plaintiff Kotis is an aggrieved party and is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 18:  Violations of 18 U.S.C. §2252(a)
## (SVOTHI, INC.)

223.    Plaintiff Kotis incorporates herein the allegations of ¶1 - 40 and 130 – 138 above.

224.    This a claim brought pursuant to 18 U.S.C. §2255(a) against SVOTHI, Inc. ("SVOTHI") for violations of 18 U.S.C. §2252(a).

225.    The AMX videos containing visual depictions of Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were transported or shipped in interstate and/or foreign commerce by SVOTHI.

226.    The AMX videos were shipped to SOTHVI in interstate or foreign commerce.

227.    SVOTHI knowingly received and distributed visual depictions of Plaintiff Kotis which had been mailed, shipped or transported in interstate or foreign commerce, or which contained materials which had been mailed, shipped or transported in interstate or foreign commerce, and which depicted Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a).

228.    The AMX videos containing sexually explicit images of Plaintiff Kotis did not include notification of the location of documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, as required by 18 U.S.C. § 2257(f)(4), nor did they have affixed a statement that all performers in the videos were 18 years of age or older.

229.    Video materials of the Contests, showing Plaintiff Kotis, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX Productions L.L.C. ("AMX") and/or other sources, to SVOTHI, and those materials were advertised for sale on one or more web sites, including nakedontv.com.

230.    The AMX videos and/or portions thereof, showing Plaintiffs engaged in sexually explicit conduct and in the presence of others engaged in sexually explicit conduct, and still pictures of Plaintiff Kotis among still pictures of others engaged in pornographic acts, were displayed by SOTHVI, INC or by agents acting on its behalf, on the website nakedontv.com.

231.    At the time SOTHVI mailed, transported, shipped or distributed the company videos, SOTHI knew or was willfully ignorant of the fact that the company videos depicted minors, including Plaintiff Kotis, engaging in sexually-explicit conduct.

232.    SOTHVI knowingly sold or otherwise transferred and offered for sale and transfer, the AMX videos which contained visual depictions of actual sexually explicit conduct and which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to ensure that thereon was the  location of the documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, required by 18 USC § 2257(f)(4)  and did not meet the record keeping requirements of 28 C.F.R. § 75 with respect to materials.

233.    The above-described acts of SOTHVI were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

234.    The above-described acts of SOTHVI constitute violations of 18 U.S.C. §2252(a).

235.    As a result of the violation of 18 U.S.C. §2252(a), Plaintiff Kotis has suffered personal injury and other damages.

236.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Kotis is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiff Kotis demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 19: Common Law Negligence
### (SVOTHI, Inc.)

237.    Plaintiff Kotis incorporates herein the allegations of ¶1 - ¶40 above.

238.    This is a claim for negligence against Svothi, Inc. ("Svothi").

239.    At all relevant times, Svothi had a duty to ensure that Svothi did not publish pictures and videos depicting Plaintiff Kotis engaged in sexually explicit conduct.

240.    Svothi breached its duty of care by, among other things, producing, transporting, and selling video materials and pictures of Plaintiff Kotis engaged in the

Contests in sexually explicit conduct, and in the presence of others so engaged at the contest.

241.    Svothi breached its duty of care by, among other things, producing, transporting, and selling video materials and pictures of Plaintiff Kotis engaged in the Contests in sexually explicit conduct and placing Plaintiff Kotis' images on videos and in pictures containing the images of others engaged in sexually explicit conduct.

242.    The above-described acts of Svothi were intentional or were committed with reckless disregard for or indifference to applicable law, the impact on Plaintiff Kotis of the dissemination of their images, and Kotis' rights.

WHEREFORE, Plaintiff demands judgment against the defendants named in this count for damages (including punitive damages), prejudgment and post-judgment interest, costs and any other relief deemed appropriate by the Court.

### Count 20:  Violations of 18 U.S.C. § 2252A(a)
### (JUCCO HOLDINGS, INC.)

243.    Plaintiff Mill incorporates herein the allegations of ¶1 - ¶40 above.

244.    This is a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against JUCCO for violation of 18 U.S.C. §2252A(a).

245.    Video materials of the Contests, showing Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were distributed  by Jucco Holdings, Inc. (Jucco), including on its website drunkenspringbreak.com.

246.    Video materials of the Contests, showing Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce to Jucco from other sources.

247.    The videos materials and pictures of Plaintiff Mill engaging in sexually-explicit conduct while still a minor were displayed among pictures of others engaged in pornographic acts, on the website drunkenspringbreak.com.

248.    At the time Jucco mailed, transported, shipped or distributed the pictures and/or videos containing images of Plaintiff Mill, Jucco had knowledge or was willfully ignorant of the fact that the videos and or/pictures depicted Mill engaged in sexually-explicit conduct, and contained images of sexually-explicit conduct by others, and constituted child pornography.

249.    The above-described acts of JUCCO constituted violations of 18 U.S.C. §2252A(a).

250.    As a result of the violations of 18 U.S.C. §2252A(a), Plaintiff Mill has suffered personal injury and other damages.

251.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), Plaintiff Mill is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of each and every violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiff Mill demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest,

attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 21: Violations of 18 U.S.C. §1466A(a)(1)
### (JUCCO HOLDINGS, INC.)

252.    Plaintiff Mill incorporates herein the allegations of ¶1 - 40 above.

253.    This a claim brought pursuant to 18 U.S.C. § 2252A(f) against Jucco Holdings Inc. ("**Jucco**").

254.    Jucco distributed, received or possessed with the intent to distribute videos and pictures depicting Plaintiff Mill at the Contests engaged in sexually explicit conduct, and in the presence of others engaged in sexually-explicit conduct, which occurred while Plaintiff Mill was still a minor.

255.    Video images of the Contests, showing Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce to Jucco.

256.    The AMX videos and/or portions thereof, showing Plaintiff Mill engaged in sexually explicit conduct, and in the presence of others engaged in sexually explicit conduct, and pictures of Plaintiff Mill among pictures of others engaged in pornographic acts (the Contest pictures and videos), were displayed by Jucco or by agents acting on its behalf, on the website drunkenspringbreak.com.

257.    The AMX videos and/or portions shown on drunkenspringbreak.com depicted Plaintiff Mill engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(A).

258.    The AMX videos depicted Plaintiff Mill engaged in sexually-explicit conduct, and in the presence of others engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(B).

259.    Jucco mailed, shipped or transported the Contest pictures and videos, in whole or in part, in interstate or foreign commerce.

260.    At the time Jucco mailed, shipped or transported the contest pictures and videos, it knew or was willfully ignorant of the fact that Plaintiff Mill was a minor when Plaintiff Mill engaged in the sexually explicit conduct on the Contest videos and in the pictures shown on drunkenspringbreak.com.

261.    The acts of Jucco constituted the knowing distribution of child pornography and violations of 18 U.S.C. § 1466A(a)(1).

262.    As a result of the violations of 18 U.S.C. § 1466A(a)(1), the Plaintiff Mill has suffered personal injury and other damages.

263.    Pursuant to 18 U.S.C. § 2252A(f), Plaintiff Mill is an aggrieved party and is entitled to recover damages, her attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiff Mill demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 22:  Violations of 18 U.S.C. §2252(a)
## (JUCCO HOLDINGS, INC.)

264.    Plaintiffs incorporate herein the allegations of ¶1 - ¶40 herein.

265.    This a claim brought pursuant to 18 U.S.C. §2255(a) against Jucco for violations of 18 U.S.C. §2252(a).

266.    Jucco distributed, received or possessed with the intent to distribute videos and pictures depicting Plaintiff Mill in sexually explicit conduct which occurred at the Contests while Plaintiff Mill was still a minor.

267.    Video images and pictures of the Contests, showing Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce to Jucco, and those materials were displayed by Jucco on one or more web sites, including www.drunkspringbreak.com.

268.    The AMX videos and/or portions thereof, showing Plaintiff Mill engaged in sexually explicit conduct, and in the presence of others engaged in sexually explicit conduct, and pictures of Plaintiff Mill among pictures of others engaged in pornographic acts, were displayed by Jucco or by agents acting on its behalf, on the drunkspringbreak.com.

269.    The Jucco videos and pictures containing visual depictions of Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were transported or shipped in interstate and/or foreign commerce by Jucco.

270.    Jucco knowingly received and distributed visual depictions of Plaintiff Mill which had been mailed, shipped or transported in interstate or foreign commerce, or

which contained materials which had been mailed, shipped or transported in interstate or foreign commerce, and which depicted Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a).

271.    The videos and other materials containing images of Plaintiff Mill which were sexually explicit did not include notification of the location of documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, as required by 18 U.S.C. § 2257(f)(4), nor did they have affixed a statement that all performers in the videos were 18 years of age or older.

272.    Video materials of the Contests, showing Plaintiff Mill, while still a minor, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were sent in interstate commerce from AMX and/or other sources, to Jucco, and those materials were advertised for sale on one or more web sites, including drunkenspringbreak.com.

273.    At the time Jucco distributed and/or displayed the videos and pictures, Jucco knew or was willfully ignorant of the fact that the videos and pictures depicted minors, including Plaintiff Mill, engaging in sexually-explicit conduct.

274.    Jucco knowingly made available for viewing by computer, or otherwise transferred and offered for sale and transfer, videos which contained visual depictions of actual sexually explicit conduct by Plaintiff Mill, and which was produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to ensure that thereon was the location of the documentation showing identifiable age and identification records documenting that performers were at least 18

years of age, required by 18 U.S.C. § 2257(f)(4)  and did not meet the record keeping requirements of 28 C.F.R. § 75 with respect to materials.

275.    The above-described acts of Jucco were committed with reckless disregard for, or conscious indifference to, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

276.    The above-described acts of Jucco constitute violations of 18 U.S.C. §2252(a).

277.    As a result of the violation of 18 U.S.C. §2252(a), Plaintiff Mill has suffered personal injury and other damages.

278.    Pursuant to 18 U.S.C. §2255(a), Plaintiff Mill is entitled to recover damages, her attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiff Mill demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 23:  Common Law Negligence
## (JUCCO HOLDINGS, INC.)

279.    Plaintiff Mill incorporates herein the allegations of ¶1 - ¶40 above.

280.    This is a claim for negligence against Jucco Holdings, Inc. ("Jucco") .

281.    At all relevant times, Jucco had a duty to ensure that Jucco did not publish pictures and videos depicting Plaintiff Mill engaged in sexually explicit conduct.

282.    Jucco breached its duty of care by, among other things, producing, transporting, and selling video materials and pictures of Plaintiff Mill engaged in the Contests in sexually explicit conduct, and in the presence of others so engaged at the contest.

283.    Jucco breached its duty of care by, among other things, disseminating and displaying through the internet video materials and pictures of Plaintiff Mill engaged in the Contests in sexually explicit conduct and placing Plaintiff Mills' images on videos and in pictures containing the images of others engaged in sexually explicit conduct.

284.    The above-described acts Jucco were intentional or were committed with reckless disregard for or indifference to applicable law, the impact on Plaintiff Mill of the dissemination of their images, and the rights of the Plaintiff.

WHEREFORE, Plaintiff Mill demands judgment against the defendants named in this count for damages (including punitive damages), prejudgment and post-judgment interest, costs and any other relief deemed appropriate by the Court.

**Demand for Jury Trial Under Rule 38(b)**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Thomas E. De Berg

Stanford R. Solomon
Florida Bar No. 302147
Mark S. Howard
Florida Bar No. 774146
Thomas E. DeBerg
Florida Bar No. 521515
THE SOLOMON TROPP LAW GROUP, P.A.
1881 West Kennedy Boulevard
Tampa, Florida 33606-1606
tdeberg@solomonlaw.com
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **PLAINTIFFS**

**AND**

/s/ Richard S. Shankman
Richard S. Shankman
Florida Bar No. 175013
LITIGATION CONCEPTS, L.C.
2536 NW 53rd Street
Boca Raton, Florida 33496-2204
(561) 997-2771 (Tel)
shankmantancredo@aol.com
Attorney for **PLAINTIFFS**

#268453

51