UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER MARIE KOTIS
RACHEL CHRISTINE MILL　　　　　　　　CASE NO. 8:07-CV-00447-JSM-EAJ

　　　　　Plaintiffs,

vs.

DESLIN HOTELS, INC.;
IRENE L. DEVLIN;
DENNIS B. DEVLIN;
GOLDRUSH DISC JOCKEYS, INC.;
DAVID L. BARTON;
BV & BK PRODUCTIONS, LLLP;
CHAD W. CIANI;
MRA HOLDINGS, LLC;
AMX PRODUCTIONS, LLC, d/b/a AMX Video, a/k/a GM Video, a/k/a George Martin
Video a/k/a Action Matrix, a/k/a Aztec Media Co.;
MANTRA FILMS, INC., d/b/a Girls Gone Wild;
JOSEPH R. FRANCIS;
SVOTHI, INC., d/b/a PPVNetworks and nakedontv.com; and
JUCCO HOLDINGS, INC., d/b/a drunkspringbreak.com;

　　　　　Defendants.

## MANTRA FILMS, INC.S' ANSWER / AFFIRMATIVE DEFENSES
## TO KOTIS & MILLS COMPLAINT & DEMAND FOR JURY TRIAL

　　　　　Defendant, Mantra Films, Inc., (hereinafter "Mantra "), files its Answer and

Affirmative Defenses to Heather Marie Kotis' and Rachel Christine Mill's Complaint and

Demand for Jury Trial, and state as follows:

### The Parties

1.　　Admitted for jurisdictional purposes.

2. Without knowledge.

3. Without knowledge.

4. Without knowledge.

5. Without knowledge.

6. Without knowledge.

7. Without knowledge.

8. Denied that Joseph R. Francis is a resident of Nevada.  Otherwise admitted.

9. Admitted.

10. Admitted.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

### Jurisdiction and Venue

14. Admitted.

15. Admitted that products, materials, things processed, serviced, produced or manufactured by Mantra were used or consumed in Florida in the ordinary course of commerce, trade or use.  Denied as to the remaining allegations.

16. Without knowledge.

17. Denied.

### General Allegations Common to All Counts

18. Denied.

19. Without knowledge.

20. Without knowledge.

21. Denied.

22. Denied.

23. Without knowledge.

24. Without knowledge.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge.

34. Denied.

### Count 1 - Violation of 18 U.S.C. § 2251(a)
### Deslin and The Devlins

35. - 53.    Paragraphs 35 through 53 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 2 - Violation of 18 U.S.C. § 2251(a)
### Goldrush and Barton

54. - 64.    Paragraphs 54 through 64 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 3 - Violation of 18 U.S.C. § 2251(a)
### Goldrush and Barton

65. - 72.   Paragraphs 65 through 72 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 4 - Violations of 18 U.S.C. §2252A(a)
### Goldrush and Barton

73. - 80.   Paragraphs 73 through 80 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 5 - Violation of 18 U.S.C. § 2251(a)
### Ciani, BV & BK

81. - 92.   Paragraphs 81 through 92 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 6 - Violation of 18 U.S.C. § 2252(a)
### Ciani, BV & BK

93. - 102.   Paragraphs 93 through 102 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 7 - Violations of 18 U.S.C. §2252A(a)
### Ciani, BV & BK

103. - 112.   Paragraphs 102 through 112 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 8 - Violation of 18 U.S.C. § 1466(a)(1)
### Ciani, BV & BK

113. - 121.   Paragraphs 113 through 121 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 9 - Common Law Negligence
### Ciani, BV & BK

122. - 127.   Paragraphs 122 through 127 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 10:  Violation of 18 U.S.C. § 2252(a)
### (Mantra Films/Joe Francis/MRA Holdings, LLC)

128.   Mantra restates and incorporates its response to paragraphs 1 through 40 as if fully set forth herein.

129.   Mantra acknowledges that Plaintiffs are attempting to bring a claim under 18 U.S.C. §2255(a) but denies that it violated 18 U.S.C. §2255(a).

130.   Denied.

131.   Denied.

132.   Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied; 18 U.S.C. § 2257(f)(4) speaks for itself

138. Denied.

139. Denied.

140. Denied.

141. Denied.

## Count 11:  Violation of 18 U.S.C. § 2252(a)
## (Mantra Films/Joe Francis/MRA Holdings, LLC

142. Mantra restates and incorporates its responses to paragraphs 1 through 40 and 129 through 138 as if fully set forth herein.

143. Mantra acknowledges that Plaintiffs are attempting to bring a claim under 18 U.S.C. §2255(a) and §2255A(f) but denies that it violated 18 U.S.C. §2255(a) and §2255A(f).

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

### Count 12:  Violation of 18 U.S.C. § 1466(a)(1)
### (Mantra Films/Joe Francis/MRA Holdings, LLC

149.    Mantra restates and incorporates its responses to paragraphs 1 through 40 and 129-138 as if fully set forth herein.

150.    Mantra acknowledges that Plaintiffs are attempting to bring a claim under 18 U.S.C. §1466A(a)(1) but denies that it violated 18 U.S.C. §1466A(a)(1).

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

### Count 13 - Violations of 18 U.S.C. §2252(a)
### AMX Productions, LLC

159. - 175.    Paragraphs 159-175 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 14 - Violations of 18 U.S.C. §2252A(a)
### AMX Productions, LLC

176. - 187.    Paragraphs 176 - 187 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 15 - Violations of 18 U.S.C. §1466(A)(a)(1)
### AMX Video Productions

188. -196.     Paragraphs 188 - 196 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 16 - Common Law Negligence
### AMX Productions, L.L.C.

197. - 202.     Paragraphs 197 - 202 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 17 - Violations of 18 U.S.C. §2252A(a)
### SVOTHI, INC.

203. - 212.     Paragraphs 203 - 212 make allegations that are not directed to Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 17 (sic) - Violations of 18 U.S.C. §1466(A)(a)(1)
### SVOTHI, INC.

213. - 222.     Paragraphs 213 - 222 make allegations that are not directed to  Mantra, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 18 - Violations of 18 U.S.C. §2252(a)
### SVOTHI, INC.

223. - 236.   Paragraphs 223 - 236 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 19 - Common Law Negligence
### SVOTHI, INC.

237. - 242.   Paragraphs 237 - 242 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 20 - Violations of 18 U.S.C. §2252A(a)
### JUCCO HOLDINGS, INC.

243. - 251.   Paragraphs 243- 251 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 21 - Violations of 18 U.S.C. §1466(A(a)(1)
### JUCCO HOLDINGS, INC.

252. - 263.   Paragraphs 252 - 263 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 22 - Violations of 18 U.S.C. §2252(a)
### JUCCO HOLDINGS, INC.

264. - 278.   Paragraphs 264 - 278 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 23 - Common Law Negligence
### JUCCO HOLDINGS, INC.

279. - 294.   Paragraphs 279 - 284 make allegations that are not directed to Mantra, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against Mantra.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the affirmative defense of reasonable mistake of age, because Mantra did not know and could not have reasonably learned, that plaintiffs were under the age of 18.

### THIRD AFFIRMATIVE DEFENSE

The negligent or intentional acts of plaintiffs were the sole legal cause of plaintiffs' damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

The negligent or intentional acts of plaintiffs were a contributing cause of plaintiffs' damages, if any, and should be compared to that of Mantra to reduce such damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' assumption of a known risk was the sole legal cause of their damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

The negligence or intentional actions of third parties, who hosted or recorded this event, is the sole legal cause of plaintiffs' damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under 18 U.S.C. § 2255 because the plaintiffs were no longer minors when the alleged violations of 18 U.S.C. §2252(a) and 2252A(a) allegedly occurred.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands to the extent that plaintiffs expressly or impliedly misrepresented their ages to gain access to the events at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of illegality to the extent that plaintiffs' participated in the commission of illegal activities including, without limitation, engaging in underage drinking and trespassing on private property.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they fraudulently induced the owners of the Desert Inn to allow them to take part in the events at issue by representing that they were at least eighteen years old, and Mantra relied upon those representations to their detriment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have already been fully compensated for their injuries, if any, by other defendants in previous lawsuits.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs consented to the publication of their likeness and image.

## THIRTEENTH AFFIRMATIVE DEFENSE

18 U.S.C. §§ 2252 and 2252A violate the First Amendment to the United States Constitution facially because they criminalize and create civil liability for engaging in a substantial amount of speech protected by the First Amendment in the absence of sufficient governmental interests for such criminalization or creation of liability, and they are not properly narrowed to serve those interests that supposedly justify such criminalization or creation of liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrine of laches in that Plaintiffs unreasonably delayed in bringing this action to the disadvantage of Mantra.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrine of equitable estoppel in that they represented that they were at least eighteen years old, and Mantra relied upon those representations to their detriment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs expressly consented to a release prior to taking part in the events that are at issue.

Defendant Mantra hereby demands trial by jury.

**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Tallahassee, Florida 32301-7742
Telephone:   (850) 222-6891
Facsimile:   (850) 681-0207

s/Barry Richard
**BARRY RICHARD**
FLORIDA BAR NO. 105599
E-MAIL: RICHARDB@GTLAW.COM
**LAUREEN E. GALEOTO**
FLORIDA BAR NO. 194107
E-MAIL: GALEOTOL@GTLAW.COM
**KARUSHA Y. SHARPE**
FLORIDA BAR NO. 0540161
E-MAIL: SHARPEK@GTLAW.COM

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic service upon the following on this 22nd day of May, 2007:

The Solommon Tropp Law Group, P.A.
Mark S. Howard, Esq.
Thomas E. DeBerg, Esq.
1881 West Kennedy Boulevard
Tampa, FL 33606-1606

                                                            s/Barry Richard

*TAL 451397704v5 5/22/2007*