UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER MARIE KOTIS and
RACHEL CHRISTINE MILL

                                   Case No.: 8:07-cv-00447-JSM-EAJ

      Plaintiffs,

v.

DESLIN HOTELS, INC.; et al.

      Defendants.

_____/

### DEFENDANTS', DESLIN HOTELS, INC.'S, IRENE L. DEVLIN'S AND DENNIS B. DEVLIN'S, MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION TO STRIKE

      Defendants, DESLIN HOTELS, INC., IRENE L. DEVLIN, and DENNIS B. DEVLIN (collectively, the "Deslin Defendants"), move to dismiss the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)6) or, alternatively, to strike portions of plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(f). The basis for this motion is that the complaint fails to allege ultimate factual issues sufficient to support plaintiffs' claims against the Deslin Defendants and the complaint contains immaterial, impertinent and scandalous matters. As more particularly set forth in the following memorandum of law, the plaintiffs fail to state a cause of action against the Deslin Defendants because they failed to allege the requisite intent on the part of the Deslin Defendants.

### 3.01(g) Certification

      Local Rule 3.01(g) does not require counsel for a movant bringing a motion to dismiss for failure to state a claim upon which relief can be granted to confer with counsel for the non-movant

035440-033 : KWEST/KWEST : 00521668.WPD; 1           1

in a good faith effort to resolve the issues raised in such a motion to dismiss.

## Memorandum Of Law In Support Of
## the Deslin Defendants' Motion to Dismiss Complaint

Pursuant to Local Rule 3.01, the Deslin Defendants submit this memorandum of law in support of their motion to dismiss the complaint brought against it by plaintiffs.

## Background And Allegations of The Complaint

Plaintiffs' complaint against the Deslin Defendants sets forth a single cause of action for violations of 18 U.S.C. §2251(a), pertaining to the sexual exploitation of children, which provides in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... *with the intent* that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct**,** shall be punished ... if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed ... or if such visual depiction has actually been transported in interstate or foreign commerce or mailed..

(emphasis added).

## Standard for Dismissal

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint and requests that the court determine whether the complaint sets forth sufficient allegations to establish a claim for relief. *Gainer v. City of Winter Haven*, 134 F.Supp 2d 1295, 1304 (M.D. Fla. 2000). All well-pleaded facts are accepted as true, and all reasonable inferences drawn therefrom are construed in the light most favorable to the plaintiff. *Elehert v. Singer*, 245 F.3d 1313 (11th Cir. 2001), *citing*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1. (11th Cir. 1999). However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading

as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003), *citing*, *South Fla. Water Mgm't Dist. v. Montalva*, 84 F.3d 402, 406 (11th Cir. 1996). Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Marshall County Bd. f Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Plaintiffs' claims against the Deslin Defendants arise under 18 U.S.C. §2255 and 18 U.S.C. §2251(a). Section 2255 provides a civil remedy for a minor who has suffered an injury as a result of a violation of, inter alia, 18 U.S.C. §2251(a), which provides as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, *with the intent* that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

Therefore, in order to state a cause of action for a civil violation of 18 U.S.C. §2251(a), the following elements must be pleaded:

1. The plaintiff, while a minor, suffered a personal injury as a result of a violation of 18 U.S.C. 2251(a);

2. The defendant(s) employed, used, persuaded, induced, enticed, or coerced the plaintiff to engage in sexually explicit conduct;

3. With the intent that the plaintiff engage in sexually explicit conduct;

4. For the purpose of producing any visual depiction of such conduct; and

5. The defendant knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer,

**or**

if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

The first element is pleaded in paragraph 52 of the Complaint. The second and fourth elements are pleaded in paragraphs 43 and 44 of the Complaint. The fifth element is pleaded in paragraphs 50 and 51 of the Complaint. The third element is, however, not pleaded in the Complaint. Accordingly, the Complaint must be dismissed for failing to state a cause of action.

The missing third element requires that the defendant have induced[1] the plaintiff to engage in sexually explicit conduct with the intent that the defendant engage in sexually explicit conduct. In other words, if the defendant did not intend that the plaintiff actually engage in sexually explicit conduct, then there has been no violation of the statute.

The inclusion of the intent requirement in the statute is important, as it protects individuals from criminal or civil prosecution who have no criminal or other harmful intent but nevertheless engage in some conduct that could be considered inducement. This could occur, for example, if at

---

[1] In this motion, for the sake of simplicity, the term "induced" is occasionally used to refer to the statutory references to "employed, used, persuaded, induced, enticed, or coerced."

a gathering of teenagers at a beach party, one of the teenagers jokingly offers his friend, a minor, $10 to engage in bestiality.[2] If the offering teenager intends that his friend engage in bestiality, then there could potentially be a statutory violation if the other elements of the statute are satisfied. If the offering teenager does not, however, intend that his friend engage in bestiality, then there can be no statutory violation.

Plaintiffs have failed to plead that the Deslin Defendants intended that the plaintiffs engage in sexually explicit, which is a required element of a civil violation of 18 U.S.C. §2251(a). Accordingly, the Complaint must be dismissed.

## Motion to Strike

The Complaint contains many references to "the Plaintiffs and other minors" and to "the Plaintiffs and others." See, e.g., Complaint, ¶¶ 43, 44, 45, 57, and 58. These references to individuals other than the plaintiffs are immaterial, impertinent, or scandalous and must be stricken.

Fed.R.Civ.P. 12(f) provides as follows:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense

---

[2]For purposes of 18 U.S.C. §2251(a), "sexually explicit conduct" is defined as actual or simulated

**(i)** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

**(ii)** bestiality;

**(iii)** masturbation;

**(iv)** sadistic or masochistic abuse; or

**(v)** lascivious exhibition of the genitals or pubic area of any person.

or any redundant, immaterial, impertinent, or scandalous matter.

This standard has been interpreted to mean that, in order to be stricken, the challenged allegations must "have no possible relation to the controversy and may cause prejudice to one of the parties." *Al-Rayes v. Willingham*, 2007 WL 788401 (M.D. Fla. 2007) (internal citations omitted). Any references in the Complaint to individuals other than the plaintiffs, including other minors, any of the plaintiffs in the companion cases, or anyone else, have no relation to this controversy. Further, these references prejudice the Deslin Defendants by implying that there are other "victims" of the Deslin Defendants' alleged wrongful conduct, making it more likely that a jury would find fault on the part of the Deslin Defendants based on something other than the evidence presented to that jury at trial.

WHEREFORE, the Deslin Defendants respectfully request that this Court dismiss with prejudice the Complaint or, alternatively, strike all references in the complaint to individuals other than the plaintiffs subjected to the alleged wrongful conduct of the Deslin Defendants, including without limitation such references in paragraphs 43, 44, 45, 57, and 58, and grant such further relief as the Court deems just and proper.

*Cobb & Cole*

By: /s/Kathryn D. Weston
SCOTT W. CICHON
FLA. BAR NO. 440876
KATHRYN D. WESTON
FLA. BAR NO. 0897701
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 248-0323
E-mail: Kathy.Weston@cobbcole.com
ATTORNEYS FOR DESLIN HOTELS,
INC. d/b/a DESERT INN RESORT
MOTEL, IRENE DEVLIN, and DENNIS
DEVLIN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants on the following Service List and I served by U.S. Mail the foregoing to the non-CM/ECF participants on the following Service List:

/s/ Kathryn D. Weston
Attorney

## SERVICE LIST

| | |
|---|---|
| Heather Marie Kotis | Richard Stuart Shankman |
| Rachel Kristine Mill | Litigation Concepts, L.C. |
| | 2536 NW 53rd Street |
| | Boca Raton, FL 33496 |
| | shankmantancredo@aol.com |

|  |  |
|---|---|
|  | Stanford R. Solomon<br>Mark S. Howard<br>Thomas DeBerg<br>The Solomon Tropp Law Group<br>1881 West Kennedy Boulevard<br>Tampa, FL 33606-1643<br>ssolomon@solomonlaw.com<br>mhoward@solomonlaw.com<br>tdeberg@solomonlaw.com |
| BV&BK Production LLP<br>Chad W. Ciani | Camille Godwin<br>Cohen, Jayson & Foster, P.A.<br>201 E. Kennedy Boulevard, Suite 1000<br>Tampa, FL 33602<br>cgodwin@tampalawfirm.com |
| Jucco Holdings, Inc. | John F. Lauro<br>Scott J. Flint<br>Lauro Law Firm<br>101 E. Kennedy Boulevard, Suite 2180<br>Tampa, Florida 33602<br>jlauro@laurolawfirm.com<br>sflint@laurolawfirm.com |
|  | William A. Delgado<br>Willenken, Wilson, Loh & Lieb, LLP<br>707 Wilshire Boulevard, Suite 3850<br>Los Angeles, CA 90017 |
| Svothi, Inc. | Gary S. Edinger<br>Law office of Gary Edinger, P.A.<br>305 NE 1st Street<br>Gainesville, FL 32601<br>GSEdinger@aol.com |

| | |
|---|---|
| Mantra Films, Inc. | Laureen E. Galeoto<br>Barry Scott Richard<br>Karusha Y. Sharpe<br>Greenberg Traurig, P.A.<br>101 E. College Avenue<br>Tallahassee, FL 32301<br>galeotol@GTlaw.com<br>richardb@GTlaw.com<br>sharpek@gtlaw.com |