UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER MARIE KOTIS
and RACHEL CHRISTINE MILL,
individually,

        Plaintiffs,        CASE NO. 8:07-cv-00447-T30-EA

v.

DESLIN HOTELS, INC.;
IRENE L. DEVLIN;
DENNIS B,. DEVLIN;
GOLDRUSH DISC JOCKEYS, INC.;
DAVID L. BARTON;
BV & BK PRODUCTIONS, LLLP;
CHAD W. CIANI;
MRA HOLDINGS, LLC;
AMX PRODUCTIONS, LLC d/b/a AMX Video, a/k/a GM Video, a/k/a George Martin Video,
ak/a Action Matrix, a/k/a Aztec Media Co.;
MANTRA FILMS, INC., d/b/a Girls Gone Wild;
JOSEPH R. FRANCIS;
SVOTHI, INC., d/b/a PPVNetworks and nakedontv.com; and
JUCCO HOLDINGS, INC., d/b/a drunkspringbreak.com;

        Defendants
_____/

**DEFENDANTS, CHAD CIANI'S, AND BV & BK PRODUCTIONS, LLLP'S MEMORANDUM OF LAW IN SUPPORT OF DISPOSITIVE MOTION TO DISMISS AND MOTION TO STRIKE**

      Defendants, CHAD CIANI and BV & BK PRODUCTIONS, LLLP, through undersigned counsel, and pursuant to Rules 8, 12(b) and 12(f), Fed.R.Civ.P., has moved this court to dismiss Plaintiff's Complaint and submits this memorandum in compliance with Local Rule 3.01. Defendants' arguments are set forth below.

**Factual and Procedural Background**

Plaintiff filed her complaint in this matter on March 12, 2007 and alleged the following as the basis of causes of action against Defendants: violations of 18 U.S.C. § 2251(a) (Count 5), violations of 18 U.S.C. § 2252(a) (Count 6), violations of 18 U.S.C. § 2252A(a) (Count 7), violations of 18 U.S.C. § 1466A(a)(1) (Count 8), and common law negligence (Count 9).

Plaintiff's claims arise out of her voluntary participation in a "wet t-shirt" contest and the alleged surreptitious videotaping of Plaintiff during such contest during March 2001 spring break activities at the Deslin Hotel in Daytona Beach, Florida. Defendant Chad Ciani is a partner in another Defendant, BV & BK Productions, LLLP. BV & BK owns and operates several Internet websites, including, "bikinivoyeur.com" which provide subscribers with access to pictures and video images documenting public events such as spring break activities, wet t-shirt contests, bikini contests and other similar events.

**Argument**

Although well-pled factual allegations of a complaint must be accepted by the court as true, dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where such "facts" do not adequately state a claim for relief. *Jackson v. BellSouth Telecommunications,* 372 F.2d 1250, 1262-1263 (11th Cir. 2004)(complaint must be supported by facts, not "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts."). Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to give defendants "fair notice" of the claim and the supporting grounds, including identification of the particular statute or cause of action alleged to be at issue. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiff Kotis' statutory claims against these Defendants arise under 18 U.S.C. § 2255, which provides a civil remedy for a minor injured as a result of a violation of particular enumerated statutes.

The federal child pornography statute cited by the Plaintiff as the basis for Count 5 is 18 U.S.C. § 2251(a). This section requires that a defendant both induce or entice a minor to engage in sexually explicit conduct and to do so for the specific purpose of creating a visual depiction. Plaintiff has failed to allege sufficient facts as to each of these requirements sufficient to state a cause of action against this defendant.

Inducement is required to find a violation of 2251(a). *United States v. Reedy,* 632 F. Supp. 1415, 1417 (W.D. Okla. 1986), *aff'd*, 845 F.2d 239 (10th Cir. 1988). Furthermore, this inducement must be done for the purpose of producing a visual depiction. 18 U.S.C. 2251(a); *Reedy,* 632 F. Supp. at 1417. To meet the "purpose" requirement, the defendant must have a specific intent to induce or entice. *Reedy,* 632 F. Supp. at 1422 & n. 17; *United States v. Esch*, 832 F.2d 531, 536 (10th Cir. 1987); *United States v. Fenton*, 654 F.Supp. 379, 380 (E.D. Pa. 1987)(proof required that "the defendant acted purposefully to involve a minor in sexually explicit conduct and to produce a visual depiction of that conduct.").

Count 6 of the Complaint purports to state a claim against these Defendants for violation of 18 U.S.C. § 2252(a), which prohibits anyone from knowingly transporting or shipping any visual depiction where the production of such depiction involved the use of a minor engaging in sexually explicit conduct and the depiction itself is of sexually explicit conduct. Count 7 proscribes similar conduct under 18 U.S.C. § 2252(a) where the material mailed, transported, shipped, received, or distributed constitutes "child pornography." These counts are devoid of the factual allegations

necessary to state a claim at all. For example, although the Complaint alleges, in conclusory fashion, that the Plaintiff engaged in "sexual conduct," no allegations of fact are provided to meet the limited definition of "sexual conduct" under the statute. Specifically, the complaint fails to allege that the "sexual conduct" was "performed with the intent to arouse or gratify the sexual desire of either party." Similarly, the complaint alleges the Plaintiff engaged in "sexually explicit conduct," again without supporting allegations to state the claim.

Further, although the complaint alleges Ciani and BV & BK persuaded, induced, or enticed the Plaintiff to participate in the "contests," this allegation does not state a claim under 18 U.S.C. 2251(a). It also fails to indicate which "contests" are at issue – a critical issue considering the complaint alleges only one contest as being at issue, not multiple contests.

WHEREFORE, for the reasons set forth above, Defendants Chad Ciani and BV & BK respectfully requests this Court dismiss the Complaint as against these Defendants.

Respectfully submitted,

/s/ Camille Godwin
Todd Foster, Esq.
Florida Bar No.: 0325198
Camille Godwin
Florida Bar No.: 0974323
Cohen, Jayson & Foster, P.A.
201 E. Kennedy Boulevard, Suite 1000
Tampa, FL 33602
(813) 225-1655 (Telephone)
(813) 225-1921 (Facsimile)
*Attorneys for BV & BK, LLLP & Chad Ciani*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on _____, the foregoing was served upon the following by email or US Mail:

| | |
|---|---|
| Stanford R. Solomon<br>Mark Stephen Howard<br>Thomas E. DeBerg<br>The Solomon Tropp Law Group, P.A.<br>1881 W. Kennedy Blvd.<br>Tampa, FL 33606-1606<br>tdeberg@solomonlaw.com<br>mhoward@solomonlaw.com<br>ssolomon@solomonlaw.com<br>P: 813-225-1818<br>F: 813-225-1050<br>Counsel for Kotis and Mill | Richard S. Shankman<br>Litigation Concepts, L.C.<br>2536 NW 53rd Street<br>Boca Raton, FL 33496-2204<br>shankmantancredo@aol.com<br>P: 561-997-2771<br>F: Unknown<br>Co-Counsel for Kotis and Mill |
| Scott Cichon<br>Kathryn Weston<br>Cobb & Cole<br>PO Box 2491<br>Daytona Beach, FL 32115-2491<br>scott.cichon@cobbcole.com<br>kathy.weston@cobbcole.com<br>P: 386-255-8171<br>F: 386-248-0323<br>Counsel for Deslin Hotels, Inc., Irene Devlin, and Dennis Devlin | |

                                              */s/ Camille Godwin*
                                              *Camille Godwi*n